IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-512-M-KS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>)    [PROPOSED] ORDER STAYING CASE<br>)<br>MELTON E. "VAL" VALENTINE, JR., )<br>MELTON E. "SKIP" VALENTINE, III, )<br>and INDIANTOWN FARM LLC, )<br>)<br>Defendants. )<br>_____) | |

This matter is before the Court on the Parties' joint motion to stay this case for approximately 120 days. The Parties note that a stay will allow the U.S. Environmental Protection Agency and the U.S. Department of the Army to gather public input and consider issuing new guidance related to the definition of "waters of the United States" in the Clean Water Act. Based on the Parties' joint motion and the pleadings available on the docket, the Court finds good cause to stay the current case management deadline.

The authority of a court to order such abeyance is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 253 (1936); see also United States v. White, Case No. 2:23-cv-0001-BO-RN (E.D. N.C.), Dkt. 101 (order, dated April 15, 2025, granting a 120-day stay in another Clean Water Act case based on the pending administrative proceedings).

The motion to stay is GRANTED. This case is stayed for 120 days, and the Parties are DIRECTED to provide the Court with a joint status report on September 15,

2025. The nonfinal pretrial trial conference is continued and will be reset following the submission of the status report. IT IS SO ORDERED.

<u>Dated</u>: May __, 2025.

                                                   _____
                                                   KIMBERLY A. SWANK
                                                 United States Magistrate Judge